IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Case No. 3:17-CR-155-L |
| § | |
| JAMSHID NORYIAN (01) § | |
| DEHSHID NOURIAN (02) § | |
| CHRISTOPHER RYDBERG (03) § | |
| § | |

**DEFENDANT CHRISTOPHER RYDBERG'S TRIAL BRIEF**

Based on the Government's witness and exhibit lists and Motions *in Limine*, Defendant Christopher Rydberg anticipates several disputes that are likely to arise during cross examination. As discussed in Defendants' responses to the Government's Motions *in Limine*, the Government seeks to constrain Defendants' ability to cross-examine Government witnesses regarding various topics that will impact the jury's ability to evaluate the witnesses' reliability and credibility. To avoid protracted evidentiary arguments during trial, Rydberg respectfully submits this trial brief to address those issues.

**Scope of Cross-Examination**

It is well established that in criminal cases great latitude is generally permitted in the cross-examination of a prosecution witness to test the witnesses' credibility. *McConnell v. United States*, 393 F.2d 404, 406 (5th Cir. 1968). Defense counsel must be "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *United States v. Diaz*, 637 F.3d 592, 597 (5th Cir. 2011) (citing *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir.2006)). Although an attorney must have a good-faith basis for asking a question on cross-examination, *the fact need not be in evidence before being introduced on cross-examination*. See *United States v. Courtney*, 439 F. App'x 383, 385 (5th Cir. 2011) ("For testimony about such an alleged bad act to be admissible under Rule 608(b), the

1

questioning party must have a good-faith factual basis for the questioning….That does not mean that the basis-in-fact for the questioning must be proved before a good-faith-inquiry may be made."); *United States v. Tomblin*, 46 F.3d 1369, 1389 n.52 (5th Cir. 1995) ("Rule 608(b) does require a good-faith basis for the questions."); *United States v. Grajales–Montoya*, 117 F.3d 356, 362 (8th Cir. 1997) (prosecutors must have good faith basis for questions asked during cross-examination of a defendant), *cert. denied,* 522 U.S. 1007, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997).

**Impeachment Based on Prior Inconsistent Statement**

While a declarant-witness's prior inconsistent statements may be admitted into evidence under one of the exceptions to the rule against hearsay, Fed. R. Evid. 801(d)(1)(A), it does not have to fall within a hearsay exception to be admissible for impeachment purposes. *Lewis v. Insurance Co. of N. Am.*, 416 F.2d 1077, 1080 (5th Cir. 1969). "The hearsay rule applies to statements offered to prove the truth of the matter asserted. An inconsistent statement, on the other hand, is admitted to demonstrate falsity. It is important evidence going to the credibility of a witness' testimony, and the policy for admitting it is readily apparent." *Id.*; *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 762-63 (5th Cir. 2008) (affirming district court's admission of prior inconsistent statement to impeach witness where the court cautioned jury that evidence went to credibility of witness and was not being admitted for the truth of the matter asserted); *United States v. Dennis*, 365 F. App'x 591, 594 (5th Cir. 2010) ("Here, the admitted evidence was highly probative because the Government sought to admit Allen's prior inconsistent statement, not for the truth of the matter asserted, but, rather, to impeach her credibility."). Accordingly, because defense counsel has a good faith basis to believe that what is recorded in a witness's interview report is, at least in substance, what the witness expressed, defense counsel is free to ask about those statements to the extent they are in tension with what the witness testifies to at trial. *See United States v. Crinel*, No. CR 15-61, 2016 WL 6441249, at *2 (E.D. La. Nov. 1, 2016) (in which the Government conceded that "[t]he Defendants are free to ask a witness whether he or she made a statement that is reflected in an agents interview report"). If the witness denies the

statement, the interview report can be used to refresh recollection or the agent can be called to testify to the statements. *See United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, No. 22-4049, 2023 WL 5371048, at *7 (10th Cir. Aug. 22, 2023) (recognizing that FBI interview reports can be used to refresh recollection)

Additionally, the Fifth Circuit does not require that statements be diametrically opposed to be admissible as a prior inconsistent statement, either under the hearsay exception or for impeachment. On several occasions, the Fifth Circuit has held "that a witness's 'feigned' memory loss can be considered inconsistent under the Rule, for 'the unwilling witness often takes refuge in a failure to remember.'" *Cisneros-Gutierrez*, 517 F.3d at 757-58 (quoting *United States v. Bigham*, 812 F.2d 943, 947 (5th Cir. 1987)). Thus, prior inconsistent statements, in which a witness recounted certain facts, may be used to impeach a witness who later claims that he cannot remember the events. *Id.*

### Impeachment Based on Drug Use

Evidence that a witness used drugs that could have impacted the witness's perception or memory of events is relevant and admissible to impeach that witness's credibility. Such evidence may demonstrate the witnesses' state of mind was altered or impaired during the relevant time period. *See United States v. Samples*, 897 F.2d 193, 197 (5th Cir. 1990) (permitting questions about a witness's drug use on particular, relevant instances); *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987) (holding that evidence of a witness's drug use "may be admitted where the memory or mental capacity of a witness is legitimately at issue").

### Impeachment Based on Bias

A witness's motive for testifying is "*always relevant* as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (emphasis added). Cross-examination of a witness in matters pertinent to his credibility ought to be given the "largest possible scope," especially when a witness or accomplice may have substantial incentive to cooperate with the government. *United States v. Crumley*, 565 F.2d 945, 949 (5th Cir. 1978); *United*

*States v. Onori*, 535 F.2d 938, 945 (5th Cir.1976); *United States v. Hall*, 653 F.2d 1002, 1008 (5th Cir.1981) (citing *United States v. Landerman*, 109 F.3d 1053, 1063 (5th Cir.), opinion modified on reh'g, 116 F.3d 119 (5th Cir. 1997)).  The fact that a witness did not get prosecuted or face other professional consequences is directly relevant to that witness's credibility.  *See United States v. Cooks*, 52 F.3d 101, 104 n.13 (5th Cir. 1995); *accord United States v. Landerman*, 109 F.3d 1053, 1063 (5th Cir.1997) (discussing *Cooks*); *see also United States v. Dimora*, 843 F. Supp.2d 799, 843 (N.D. Ohio 2012).  Likewise, statements shifting blame to other individuals, charged or uncharged, is permissible. *Castillo v. Stephens*, 640 F. App'x 283, 294 (5th Cir. 2016) (finding it was a reasonable strategy to try to shift blame for a murder onto the accomplice witnesses).

    In situations where a witness has made statements about criminal activity but was not subsequently charged, prosecutorial discretion does not preclude examination of the witnesses for potential bias.  The mere fact that the witness made the statements—even without an agreement not to prosecute from the government—creates a motive to curry favor with the government.  *See United States v. Figueroa*, No. 09-20610-CR, 2010 WL 11506680, at *2 (S.D. Fla. July 7, 2010) (adopting argument that bias and motive are separate and distinct from prosecutorial discretion and finding that "any potential incentive offered to or perceived" by a witness—even absent an actual agreement from the government—is appropriate cross-examination protected by the Sixth Amendment).

Respectfully submitted,

*/s/ Margaret Terwey*
Andrew O. Wirmani
Texas Bar No. 24052287
andrew.wirmani@rm-firm.com
Joshua M. Russ
Texas Bar No. 24074990
josh.russ@rm-firm.com
Margaret D. Terwey
Texas Bar No. 24087454
margaret.terwey@rm-firm.com
REESE MARKETOS LLP
750 N. Saint Paul St.,
Suite 600
Dallas, Texas 75201-3201
214.382.9810 telephone
214.501.0731 facsimile

ATTORNEYS FOR CHRISTOPHER RYDBERG

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to opposing counsel on this 5th day of September, 2023.

*/s/ Margaret D. Terwey*
Margaret D. Terwey